IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| TODD MEAGHER | § | CASE NO. 20-40208-11 |
| | § | |
| DEBTOR. | § | |

**DEBTOR'S APPLICATION FOR APPROVAL TO EMPLOY
CURTIS | CASTILLO PC AS BANKRUPTCY COUNSEL**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-named Todd Meagher (the "Debtor") in the above-captioned Chapter 11 case (the "Reorganization Case"), respectfully files *Debtor's Application for Approval to Employ Curtis | Castillo PC as Bankruptcy Counsel* (the "Application") concerning the employment of Curtis | Castillo PC (the "Firm" or "CCPC") as Debtor's counsel in the Reorganization Case pursuant to 11 U.S.C § 327(a) and Federal Bankruptcy Rules 2014 and 2016, and in support thereof respectfully show the following:

> **NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10TH ST., FORT WORTH, TX 76102 BEFORE CLOSE OF BUSINESS ON FEBRUARY 17, 2020, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.**
>
> **ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**
>
> **IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 158 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. PROCEDURAL BACKGROUND

2. On January 15, 2020 (the "Petition Date"), the Debtor commenced the Reorganization Case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").

3. The Debtor continues to manage his estate as a Debtor-in-Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed in the Reorganization Case.

### III. FACTUAL BACKGROUND

4. The Debtor sought bankruptcy relief in order to obtain the breathing spell afforded by Section 362 of the Bankruptcy Code so that he may analyze restructuring options and utilize the bankruptcy forum for the orderly and efficient reorganization and work toward appropriate satisfaction of his debts. The Debtor believes such process will be in the best interests of the Debtor's creditors and estate. The Debtor requires counsel to assist him in performing his duties under the Bankruptcy Code and effectuating his restructuring efforts.

### IV. BASIS FOR RELIEF

5. By this Application, the Debtor seeks to employ and retain the Firm as counsel for the Debtor as Debtor-in-Possession effective as of the Petition Date, pursuant to Federal

Bankruptcy Rule 2014, and section 327(a) of the Bankruptcy Code, in connection with the Reorganization Case.

6. The Firm submits with this Application the Declaration of Mark A. Castillo (the "Castillo Declaration") of the Firm attached hereto as **Exhibit A** and incorporated by reference herein. The Castillo Declaration includes the Firm's Disclosure of Compensation under 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b).

7. The Debtor has been informed that Stephanie D. Curtis, Mark A. Castillo, Robert C. Rowe, and Christopher L. Harbin of the Firm are members in good standing of the bar of the State of Texas and the United States District Court for the Northern District of Texas.

8. The Firm began representing the Debtor on January 14, 2020 and received a $22,000.00 prepaid retainer (the "Retainer") to represent the Debtor in a Chapter 11 Reorganization; the Retainer included the $1,717.00 fee to file the petition with the Court. The Retainer was deposited into the Firm's IOLTA. As of the filing of the petition, the Debtor maintains $15,757.75 in Retainer in the Firm's IOLTA. The Retainer was remitted as prepayment for future services to be provided and expenses to be incurred by the Firm on behalf of the Debtor, and is only to be drawn upon post-petition in compliance with the Bankruptcy Code and applicable rules and guidelines of the Northern District of Texas for payment of fees and costs.

9. Subject to the Court's approval in accordance with 11 U.S.C. § 330(a), the compensation to be paid to the Firm shall be based upon the hourly rates charged in bankruptcy and non-bankruptcy matters by its respective attorneys and legal assistants for legal services rendered and reimbursement for out-of-pocket expenses incurred on the Debtor's behalf. The hourly rates to be charged may be modified by the Firm in the ordinary course of its business and

such rates are similar to the rates charged for such services generally rendered in similar bankruptcy and non-bankruptcy matters in this District.

10. The Debtor has been informed that the normal hourly billing rates of the Firm are $95 to $150 per hour for clerk and paralegal time, $175 to $375 per hour for junior associates and senior attorneys, and $495 to $650 per hour for shareholders. The Firm currently anticipates that Stephanie D. Curtis, Mark A. Castillo, and Robert C. Rowe will be the most active attorneys in this Reorganization Case, and they will charge $650, $495, and $250 per hour, respectively.

11. The hourly rates set forth above are commensurate with the Firm's standard hourly rates for work of this nature and are similar to rates charged to the Firm's other clients. These rates are established to compensate the Firm for the work of its attorneys, paralegals, and clerks as well as to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases. The expenses charged to clients include, among other things, third-party conference-call charges, mail and express mail charges, special or hand delivery charges, photocopying charges, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses (if allowed by the U.S. Trustee's guidelines or the Court). The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's local rules and guidelines.

12. All fees and expenses of the Firm shall be subject to final approval of this Court pursuant to 11 U.S.C. § 330. It is further contemplated that the Firm will seek interim application of the retainer and/or interim compensation during these Reorganization Cases as permitted by 11 U.S.C. § 331 and/or applicable rules and orders, including Local Rule 2016(b).

13. The Debtor believes that employment of the Firm, as counsel, is in the best interest of the Debtor's estate because of the Firm's extensive experience and knowledge of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code. The Firm has worked quickly to become familiar with the Debtor's assets, operations, and issues, and the Debtor requires the immediate assistance of bankruptcy counsel.

14. The Debtor represents that it is necessary to retain the Firm immediately, for the purpose of rendering legal advice to the Debtor with respect to the Debtor's duties in the Reorganization Case, appearing in Court and protecting the interests of the Debtor, negotiating with the Debtor's creditors and parties in interest, drafting and responding to pleadings, formulating a plan of reorganization, and performing such other legal services as may be necessary and appropriate in the Debtor's Reorganization Case.

15. The professional services the Firm will render for the Debtor include, without limitation, the following:

(a) to advise and consult with the Debtor concerning (i) legal questions arising in administering, reorganizing, and/or liquidating the Debtor's estate and (ii) the Debtor's rights and remedies in connections with estate assets, accounts receivable, and creditors' claims;

(b) to assist the Debtor in the investigation of the acts, conduct, assets, and liabilities of the Debtor, and any other matters relevant to the cases;

(c) to investigate and potentially prosecute preference, fraudulent transfer, and other causes of action arising under the Debtor's avoidance powers;

(d) to take all necessary legal action to preserve and protect the Debtor's estate;

(e) to prepare on behalf of the Debtor all necessary pleadings, applications, motions, adversary proceedings, answers, notices, reports, orders, responses, and other legal documents that are required for the orderly administration of the Debtor's estate;

    (f)    to aid the Debtor in the reorganization process; and

    (g)    to perform all other legal services that the Debtor may determine are necessary and appropriate to faithfully discharge its duties as a Debtor-in-possession.

16. The Debtor has determined that the Firm does not hold an interest adverse to the Debtor's estate and is disinterested pursuant to 11 U.S.C. §§ 101(14) and 327. Except as set forth herein, to the best of the Debtor's knowledge, and except as disclosed in the Castillo Declaration, Exhibit A, the Firm has not represented the Debtor, its creditors, equity security holders, or any other parties-in-interest, or their attorneys, in any matter relating to the Debtor or its estate. Further, the Debtor does not believe that any conflict of interest exists with regard to the representation by the Firm. As set forth in the Castillo Declaration, the Firm also has no connection of any kind or nature with the United States Trustee, or any person employed in the office of the United States Trustee. Additionally, the Firm has no other relationship that presently causes disqualification, conflict of interest, or otherwise renders the Firm ineligible to serve as counsel for the Debtor.

17. The foregoing Application is based upon the best information currently available to the Firm and the Debtor. Should the Firm learn new information, this Application will be accordingly supplemented.

## V. **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court (i) grant the Application and the relief requested herein and (ii) enter an order approving the Debtor's immediate retention and employment of Curtis | Castillo PC effective as of the Petition Date, and granting the Debtor all such other and further relief to which it may justly be entitled at law or in equity.

Dated: January 22, 2020     Respectfully submitted,

*/s/ Mark A. Castillo*
Mark A. Castillo
Texas State Bar No. 24027795
Robert C. Rowe
Texas State Bar No. 24086253
CURTIS | CASTILLO PC
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709
Email: mcastillo@curtislaw.net
      rrowe@curtislaw.net

PROPOSED COUNSEL FOR DEBTOR

## CERTIFICATE OF SERVICE

The undersigned certifies that, on January 22, 2020, a true and correct copy of the foregoing document was served on all parties receiving ECF notification and by first-class mail, postage prepaid, upon each of the parties listed on the attached mailing list, which is the entire creditor matrix in this case.

*/s/ Robert C. Rowe*
Robert C. Rowe