<span style="color:red">EXHIBIT A</span>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| TODD MEAGHER | § | CASE NO. 20-40208-11 |
| | § | |
| DEBTOR. | § | |

### DECLARATION OF MARK A. CASTILLO ON BEHALF OF
### CURTIS | CASTILLO PC

1. I am a founding shareholder and attorney of Curtis | Castillo PC (the "Firm" or "CCPC"), which maintains its offices at 901 Main Street, Suite 6515, Dallas, TX 75202. All statements made herein are within my personal knowledge, true and correct.

2. I am a member in good standing of the State Bar of Texas, having been admitted in 2000, and I am admitted to practice law in all Texas State Courts, the United States District Courts for the Northern, Southern, Eastern, and Western Districts of Texas, and the U.S. Court of Appeals for the Fifth Circuit.

3. I submit this Declaration in support of the *Debtor's Application for Approval to Employ Curtis | Castillo PC as Bankruptcy Counsel for the Debtor* (the "Application"), filed in the above-captioned Reorganization Case.[1] and to advise the Court of the Firm's qualifications. This Declaration also is submitted for purposes of making all required disclosures pursuant to Fed. R. Bankr. P. 2014 and 2016(b).

4. Through my years of work with CCPC, I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true. If called as a witness, I would testify as to the matters set forth herein based upon my personal knowledge, except where otherwise indicated.

---

[1] Capitalized terms shall have the same meaning ascribed to such terms in the Application unless otherwise defined herein.

To the extent that I obtain additional information that requires further disclosure, a supplemental declaration or affidavit will be submitted to the Court.

5. Based on my discussions with Todd Meagher (the "Debtor") and my knowledge of the issues to be addressed in the Reorganization Case, I believe that the representation of the Debtor will require the services of the Firm as reorganization and bankruptcy counsel for the Debtor as described in the Application. To the best of my knowledge, the Firm and the professionals it employs are qualified to represent the Debtor in the matters for which the Firm is proposed to be employed.

6. Subject to the Court's approval, the Firm will bill for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for work of this nature at rates in effect on the date the services are rendered. These rates are specifically and generally set forth in the Application but may change from time to time in accordance with the Firm's established billing practices and procedures. The Firm will also charge for actual out-of-pocket expenses in accordance with the applicable provisions of Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the local rules of this District, and any applicable Court or U.S. Trustee guidelines for compensation and expense reimbursement of professionals.

7. The Firm began representing the Debtor on January 14, 2020 and received a $22,000.00 prepaid retainer (the "Retainer") to represent the Debtor in a Chapter 11 Reorganization and pay the $1,717.00 filing fee. The Retainer was deposited into the Firm's IOLTA. As of the filing of the petition, the Debtor maintains $15,757.75 in Retainer in the Firm's IOLTA. The Retainer was remitted as prepayment for future services to be provided and expenses to be incurred by the Firm on behalf of the Debtor, and is only to be drawn upon post-petition in compliance with the Bankruptcy Code and applicable rules and guidelines of the Northern District

of Texas for payment of fees and costs.

8. The Debtor has been informed that the normal hourly billing rates of the Firm are $95 to $150 per hour for clerk and paralegal time, $175 to $375 per hour for junior associates and senior attorneys, and $495 to $650 per hour for shareholders. The Firm currently anticipates that Stephanie D. Curtis, Mark A. Castillo, and Robert C. Rowe will be the most active attorneys in this Reorganization Case, and they will charge $650, $495, and $250 per hour, respectively.

9. These hourly rates are commensurate with the Firm's standard hourly rates for work of this nature and are similar to rates charged to the Firm's other clients. The Firm will seek interim compensation during the Reorganization Case as permitted by 11 U.S.C. § 331 and/or applicable rules and orders, including Local Rule 2016-1(g). The Firm also will apply for interim and final compensation for services and reimbursement for expenses in connection with the Reorganization Case, subject to approval of this Court and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and appropriate local rules and guidelines. In addition, the Firm will not share compensation with any person outside of the Firm.

10. I have caused a conflicts search to be made to determine the existence of any interests adverse to the Debtor or that would otherwise create a conflict of interest in connection with the Firm's engagement in this matter. Based upon my search, which included the Debtor, its lenders, and its known creditors and other known parties in interest, it is my belief that the Firm does not have an interest adverse to the interests of the Debtor, nor does it have any relationship, direct or indirect, with the Debtor or any other party claiming an interest in the Debtor or the office of the United States Trustee that would prevent the Firm from qualifying as counsel to the Debtor.

11. The Firm has evaluated potential conflicts of interest and believes that none exist that should prevent the Firm from representing the Debtor. If the Firm discovers any conflict of interest in the future, or any information that is contrary or pertinent to the statements made herein,

the Firm will disclose such information to the Court, any appointed official committee appointed, the United States Trustee, and any other parties-in-interest in the Reorganization Case.

12. In relation to the Debtor, the Firm:

    a) is not a creditor, an equity security holder, or an insider;

    b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and

    c) does not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

13. In light of the foregoing, Curtis | Castillo PC, believes it is "disinterested" pursuant to 11 U.S.C. §§ 101(14) and 327 and that the employment of the Firm as counsel for the Debtor is appropriate and should be approved.

14. I reserve the right to modify, amend, and/or supplement this Declaration.

On January 22, 2020, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct within my personal knowledge.

                                              */s/ Mark A. Castillo*
                                              Mark A. Castillo
                                              Curtis | Castillo PC