IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TODD MEAGHER | § | CHAPTER 11 |
| | § | |
| 2101 LEGACY COURT | § | CASE NO. 20-40208-mxm11 |
| KELLER, TX 76248 | § | |
| | § | |
| DEBTOR. | § | |

**DEBTOR'S APPLICATION FOR APPROVAL TO EMPLOY
THOMPSON COE, COUSINS, & IRONS, LLP AS SPECIAL LITIGATION COUNSEL**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, RM. 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON FEBRUARY 17, 2020, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE MARK X. MULLIN
UNITED STATES BANKRUPTCY JUDGE:

The above-named Debtor in the above-captioned Chapter 11 case (the "Reorganization Case"), respectfully files *Debtor's Application for Approval to Thompson Coe, Cousins, & Irons, LLP as Special Litigation Counsel* (the "Application") concerning the employment of Thompson Coe, Cousins, & Irons, LLP (the "Firm") as Debtor's special litigation counsel in the

Reorganization Case pursuant to 11 U.S.C § 327(e), and in support thereof respectfully show the following:

## I.     JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 158 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.     PROCEDURAL BACKGROUND

2. On April 12, 2019 (the "Petition Date"), the Debtor commenced the Reorganization Case by filing a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").

3. The Debtor continues to manage his estate as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed in the Reorganization Case.

## III.     FACTUAL BACKGROUND

4. On February 17, 2007, the debtor sought and obtained federal trademarks on the word text trademarks MyStore and MyStore.com, which he has used in commerce since at least February 17, 2007. The trademarks are valuable and integral assets to the Debtors' estate, and as to date, Debtor has invested over $1,000,000.00 in the websites and software associated with the trademarks, and by proxy, the trademarks valuable goodwill.

5. On September 7, 2017, nearly ten years after the USPTO granted his application for the trademarks, Plaintiff HEB Grocery Company LP filed suit against Todd Meagher and Mystore, Inc in the Southern District of Texas, Houston Division (the "Federal Trademark Case"). The Plaintiff in the Federal Trademark Case has asserted causes of action against

Defendants for a Trademark Infringement, Unfair Competition, Trademark Dilution, and Unjust Enrichment. On October 27, 2017, Plaintiff amended its Complaint to add Debtor's wife, Irene Alexis Meagher. The Firm was previously retained and is still counsel of record for Debtor in connection with the Federal Trademark Case.

6.  On January 15, 2020, the Debtor sought bankruptcy relief in order to obtain the breathing spell afforded by Section 362 of the Bankruptcy Code so that he may analyze restructuring options and utilize the bankruptcy forum for the orderly and efficient reorganization and work toward appropriate satisfaction of his debts. The Debtor believes such process will be in the best interests of the Debtor's creditors and estate.

### IV.    BASIS FOR RELIEF

7.  Debtor will be moving to transfer the Federal Trademark Case to this Court with the assistance of the Firm. Accordingly, Debtor needs special litigation counsel to assist with removal and transfer proceedings in the District Court for the Southern District of Texas.

8.  By this Application, the Debtor seeks to employ and retain the Firm as special litigation counsel pursuant to section 327(e) of the Bankruptcy Code, in connection with the Federal Trademark Case.

9.  The Firm submits with this Application the Declaration of Gary L. Pate (the "Pate Declaration") of the Firm attached hereto as **Exhibit A** and incorporated by reference herein.

10.  The Debtor has been informed that Gary L. Pate and other attorneys of the Firm are members in good standing of the bar of the State of Texas and the United States District Court for the Southern District of Texas.

11.  The Firm currently represents the Debtor in connection with the Federal Trademark Case, which is currently pending before the United States District Court for the

Southern District of Texas.

12. Subject to the Court's approval in accordance with 11 U.S.C. § 330(a), the compensation to be paid the Firm shall be based upon the hourly rates charged in bankruptcy and non-bankruptcy matters by its respective attorneys and legal assistants for legal services rendered and reimbursement for out-of-pocket expenses incurred on the Debtor's behalf. The hourly rates to be charged may be modified by the Firm in the ordinary course of its business and such rates are similar to the rates charged for such services generally rendered in similar bankruptcy and non-bankruptcy matters in this District.

13. As set forth in the Declaration, the Firm has been retained by the Debtor on an hourly-fee basis. The Firm's attorneys and paralegals expected to be primarily responsible for representing the Debtor, and their respective hourly rates at which they will charge the Debtor, are as follows:

| Gary L. Pate | Partner | $275/ hour |
| --- | --- | --- |
| Jason Gunderman | Associate | $215/ hour |
| Janya Bishop | Paralegal | $110/ hour |

14. The hourly rates set forth above are commensurate with the Firm's standard hourly rates for work of this nature and are similar to rates charged to the Firm's other clients. These rates are established to compensate the Firm for the work of its attorneys, paralegals, and clerks as well as to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases. The expenses charged to clients include, among other things, third-party conference-call charges, long-distance charges, facsimile charges, mail and express mail charges, special or hand delivery charges, photocopying charges, charges for mailing supplies (including, without

limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses (if allowed by the U.S. Trustee's guidelines or the Court). The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's local rules and guidelines.

15. All fees and expenses of the Firm shall be subject to final approval of this Court pursuant to 11 U.S.C. § 330. It is further contemplated that the Firm will seek interim application of the retainer and/or interim compensation during this Reorganization Case as permitted by 11 U.S.C. § 331 and/or applicable rules and orders.

16. The Debtor believes that employment of the Firm, as special counsel, is in the best interest of the Debtor's estate because of the Firm's prior experience representing Debtor in the Federal Trademark Case and its experience in handling federal transfer litigation.

17. The professional services the Firm will render for the Debtor include, without limitation, the following:

   a. Advising the Debtor of its rights and remedies with respect to the transfer of the Federal Trademark Case;

   b. Preparing on behalf of the Debtor all necessary pleadings, briefs, and other legal documents with respect to the transfer of the Federal Trademark Case;

   c. Representing the Debtor in negotiations, discussions, litigation, mediation, arbitration or other proceedings related to the Federal Trademark Case; and;

   d. Performing legal services on behalf of the Debtor necessary to preserve or advance any rights and remedies the Debtor may have concerning the Federal Trademark Case.

18. Section 327(e) of the Bankruptcy Code states:

> The [debtor in possession], with the court's approval, may employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

19. The Debtor has determined that the Firm does not hold an interest adverse to the Debtor or the Debtor's estate with respect to the Federal Trademark Case.

20. As of the Petition Date, the Debtor owed the Firm $119,056.90. The engagement letter further provides that the Debtor would be responsible for the Firm's fees. Nothing in this Application should be construed to be an assumption of any pre-petition contract with the Firm under 11 U.S.C. § 365.

21. Except to the extent set forth herein, to the best of the Debtor's knowledge, and as set forth herein and in the attached Pate Declaration, the Firm does not represent or hold any interest adverse to the Debtor or to its estate with respect to the Federal Trademark Case.

22. The foregoing Application is based upon the best information currently available to the Firm and the Debtor. Should the Firm learn new information, this Application will be accordingly supplemented.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court (i) grant the Application and the relief requested herein; (ii) enter an order approving the Debtor's immediate retention and employment of the Firm as special counsel; and (iii) granting the Debtor all such other and further relief to which it may justly be entitled at law or in equity.

Dated: January 22, 2020.                                  Respectfully submitted,

                                                       */s/ Robert C. Rowe*

                                                       Stephanie D. Curtis
Texas State Bar No. 05286800
Mark A. Castillo
Texas State Bar No. 24027795
Robert C. Rowe
Texas State Bar No. 24086253
CURTIS | CASTILLO PC
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709
Email: scurtis@curtislaw.net
       mcastillo@curtislaw.net
       rrowe@curtislaw.net

**PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR-IN-POSSESSION**

## CERTIFICATE OF SERVICE

      The undersigned certifies that, on June 22, 2019, a true and correct copy of the foregoing document was served on all parties receiving ECF notification and by first-class mail, postage prepaid, upon each of the parties listed on the attached mailing list, which is the entire creditor matrix in this case.

                                        *Robert C. Rowe*

                                        Robert C. Rowe