**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TODD MEAGHER | § | CHAPTER 11 |
| | § | |
| 2101 LEGACY COURT | § | CASE NO. 20-40208-mxm11 |
| KELLER, TX 76248 | § | |
| | § | |
| DEBTOR. | § | |

### DECLARATION OF GARY L. PATE ON BEHALF OF
### THOMPSON COE, COUSINS, & IRONS, LLP

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

1.  My name is Gary L. Pate. I am a Partner with Thompson Coe, Cousins, & Irons, LLP (the "Firm"), in the Firm's Houston, Texas office located at One Riverway, Suite 1400, Houston, Texas 77056.

2.  I am a member in good standing of the Bar of the State of Texas, having been admitted in 2001, and I am admitted to practice law in all Texas state courts, as well as the United States District Court for the Southern District of Texas, the United States District Court for the Northern District of Texas, and the United States Fifth Circuit Court of Appeals.

3.  I submit this Declaration in support of the *Debtor's Application for Approval to Employ Thompson Coe, Cousins, & Irons as Special Litigation Counsel for the Debtor* (the "Application"), filed in the above-captioned Reorganization Case[1] and to advise the Court of the Firm's qualifications.

4.  Through my employment at the Firm, I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and, as to

---

[1] Capitalized terms shall have the same meaning ascribed to such terms in the Application unless otherwise defined herein.

those facts, I am informed and believe them to be true.  If called as a witness, I would testify as to the matters set forth herein based upon my personal knowledge, except where otherwise indicated.  To the extent that I obtain additional information that requires further disclosure, a supplemental declaration or affidavit will be submitted to the Court.

5.      Based on my discussions with the Debtor and my knowledge of the issues to be addressed in the Reorganization Case, I believe that the representation of the Debtor will require the services of the Firm as special litigation counsel for the Debtor as described in the Application. To the best of my knowledge, the Firm and the professionals it employs are qualified to represent the Debtor in the matters for which the Firm is proposed to be employed.

6.      Subject to the Court's approval, the Firm will bill for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for work of this nature at rates in effect on the date the services are rendered.  These rates are specifically and generally set forth in the Application, but may change from time to time in accordance with the Firm's established billing practices and procedures.  The Firm will also charge for actual out-of-pocket expenses in accordance with the applicable provisions of Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the local rules of this District, and any applicable Court or U.S. Trustee guidelines for compensation and expense reimbursement of professionals.

7.      The Firm began representing the Debtor in or around December 18, 2018, and co-defendants, Irene Alexis Meagher and Mystore, Inc. in connection with the lawsuit also in December of 2018 in the suit styled *HEB Grocery Company, LP v. Todd Meagher, Irene Alexis Meagher, and Mystore, Inc.,* Civil Action No. 17-cv-02810 currently pending in the Southern District of Texas, Houston Division (the "Federal Trademark Case").

8. Subject to the Court's approval in accordance with 11 U.S.C. § 330(a), the compensation to be paid the Firm shall be based upon the hourly rates charged in bankruptcy and non-bankruptcy matters by its respective attorneys and legal assistants for legal services rendered and reimbursement for out-of-pocket expenses incurred on the Debtor's behalf.  The hourly rates to be charged may be modified by the Firm in the ordinary course of its business and such rates are similar to the rates charged for such services generally rendered in similar bankruptcy and non-bankruptcy matters in this District.

9. The Firm has been retained by the Debtor on an hourly fee basis. The Firm's attorneys and paralegals expected to be primarily responsible for representing the Debtor, and their respective hourly rates at which they will charge the Debtor, are as follows

| Gary L. Pate | Partner | $275/ hour |
| Jason Gunderman | Associate | $215/ hour |
| Janya Bishop | Paralegal | $110/ hour |

10. These hourly rates are commensurate with the Firm's standard hourly rates for work of this nature and are similar to rates charged to the Firm's other clients.  The Firm will seek interim compensation during the Reorganization Case as permitted by 11 U.S.C. § 331 and/or applicable rules and orders, including Local Rule 2016(b).  The Firm also will apply for interim and final compensation for services and reimbursement for expenses in connection with the Reorganization Case, subject to approval of this Court and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and appropriate local rules and guidelines. In addition, the Firm will not share compensation with any person outside of the Firm.

11. Section 327(e) of the Bankruptcy Code provides that the Debtors "may employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if

such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

12. Based on the review of the conflicts searches performed by the Firm upon the intake of the Federal Trademark Case and as those searches may have been supplemented from time to time thereafter, the Firm does not represent or hold any interest adverse to the Debtor or the Debtor's estate with respect to the Federal Trademark Case. As of the Petition Date, the Debtor owed the Firm $119,056.90 for services rendered in the Federal Trademark Case. The Firm is not currently holding any retainer.

13. Additionally, the Firm has previously jointly represented co-defendants Irene Alexis Meagher and Mystore, Inc in the Federal Trademark Case. There would be no conflict in Gary Pate representing them in an adversary proceeding. Co-defendants Irene Alexis Meagher and Mystore, Inc. are jointly aligned in the defense of the Federal Trademark Case with Debtor.

14. The economics of the situation make it reasonable for Gary Pate and the Firm to represent the Debtor, Irene Alexis Meagher and Mystore, Inc. in the adversary proceeding as I have worked this case from the very inception through depositions, discovery, and motion practice.

15. To the best of my knowledge and belief, insofar as we have been able to ascertain after reasonable inquiry and as except as provided herein, the Firm does not represent or hold any interest adverse to the Debtor or the Debtor's estate with respect to the Federal Trademark Case. The Firm will continue to update its conflict searches in the ordinary course as any additional potential conflicts with respect to the Federal Trademark Case are identified. If the Firm discovers additional information that requires disclosure, the Firm will file supplemental disclosures with the Court.

16. To the best of my knowledge, there are no arrangements between the Firm and

any other entity for the sharing of compensation received or to be received in connection with the Federal Trademark Case, except insofar as such compensation may be shared among the partners, counsel, and associates of the Firm.

17. I reserve the right to modify, amend, and/or supplement this Declaration.

On January 22, 2019, I hereby declare under penalty of perjury that the foregoing statements are true and correct.

_____
Gary L. Pate