IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| TODD MEAGHER | § § | CHAPTER 11 |
| 2101 LEGACY COURT KELLER, TX 76248 | § § § § | CASE NO. 20-40208-11 |
| DEBTOR. | § | |

## DECLARATION OF TODD MEAGHER

1. My name is Todd Meagher, the Debtor in the above-referenced Chapter 11 proceeding. I am over the age of 21, of sound mind, and have never been convicted of a felony or misdemeanor involving moral turpitude. I am competent to give this Declaration and do so freely and voluntarily. All statements made herein are within my personal knowledge, true and correct.

2. I have been a software developer and Internet business entrepreneur since 1994. I own three (3) patents; six (6) trademarks; and thirty-eight (38) copyrights. I regularly market and sell these and other properties, such as domain names, as part of my business. I sell my own properties and I market and sell intellectual properties of other companies, such as GHER Solutions, LLC, on a regular basis and therefore I am familiar with reasonable and customary sale prices and valuations of domain names and other intellectual properties.

3. I am also a Defendant in the litigation case pending in the U.S. District Court for the Southern District of Texas, Houston Division, styled *HEB Grocery Company, LP v. Todd Meagher,* et al., and numbered 4:17-cv-02810 (the "Houston Case"). As the Defendant in the Houston Case, I have personal knowledge with all papers served and produced by and between the parties therein.

4. Attached hereto are documents marked Exhibits A-1 and A-2, all of which I know

to be true and correct duplicates of their originals.

5.   In 2005, I created an application called a store widget for the MySpace social media network. I called it "MyStore" and it enabled a visitor of a MySpace profile to access external web content pertaining to the profile's owner without navigating away from the profile itself. So, for example, a user could visit her favorite band's MySpace profile and then use the MyStore store widget to purchase the band's merchandise directly from its MySpace profile. Since 2005, I have continually used the MyStore trademark in business by expanding MyStore from a store widget for social media networks into an online marketplace and website portal of store webpages offering sellers the ability to market their goods and services globally via the internet.

6.   On February 17, 2009, the MyStore trademark, which I own, was registered by the United States Patent & Trademark Office (the "USPTO") (USPTO Trademark Registration Number 3577991), along with MyStore.Com (USPTO Trademark Registration Number 3577992) under the International Class 035. These records are public records and available on the USPTO website. For eight years I invested in and promoted these registered trademarks on the websites www.mystore.com and www.mitienda.com. Not once during this time did HEB Grocery Company, LP ("HEB") object to my registered trademarks or use of these websites.

7.   Until 2018, the domain www.mystore.com was owned by GHER Solutions, LLC. In 2018, I negotiated, on behalf of GHER Solutions, LLC, the sale of the MyStore.com domain name for $400,000 to a company owned by Michael J. Lindell, a Minnesota entrepreneur who plans to use the MyStore.com domain name to host an online marketplace that can compete with Amazon. In exchange, I received a commission from the sale.

8.   Defending myself in the Houston Case has cost me so much money and business that it has put me into bankruptcy. I currently owe my defense counsel, Thompson Coe, Cousins, and Irons, LLP ("Thompson Coe"), over $119,000, including a required retainer that Thompson

Coe has requested before it will continue to represent me in that litigation. I do not have that money and can no longer afford to defend myself in the Houston case. I owe money to many other creditors, including approximately $400,000 to GHER Solutions, LLC for loans, some of which were used to pay for legal fees and expenses incurred defending myself in the Houston case.

9. If the Houston case were to move forward while my Chapter 11 reorganization is pending, I would face untenable hardship. Specifically, I would be forced to travel, along with my family, to Houston repeatedly for pretrial matters while this reorganization is pending. Furthermore, I cannot pay counsel to defend me in the Houston case without significantly depleting the funds of my bankruptcy estate.

10. Part of my reorganization plans include a possible sale of the MyStore trademark to Michael J. Lindell. I believe doing so would recover a significant amount of money for the bankruptcy estate in this case which could be distributed to my creditors.

On this 26th day of February, 2020, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct within my personal knowledge.

_____
Todd Meagher