United States Department of Justice
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX  75242
(214) 767-1247

Elizabeth Ziegler Young,
for the United States Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **Todd Meagher** | § | **Case No. 20-40208-MXM-11** |
| | § | |
| **Debtor-in-Possession.** | § | |

**United States Trustee's Objection to Chapter 11 Debtor's Motion to Sell And Assign Certain Intellectual Property Rights Free And Clear Of Liens, Claims, And Encumbrances**

The United States Trustee for Region 6 objects to the Chapter 11 Debtor's Motion to Sell And Assign Certain Intellectual Property Rights Free And Clear Of Liens, Claims, And Encumbrances (the "Sale Motion," docket no. 43*)* and respectfully states as follows:

**Summary**

The United States Trustee files his limited objection to the relief in the Sale Motion. While he does not oppose the substance of the transaction, the purchase price should not be sealed to ensure the transparency and integrity of the chapter 11 process.

**Background**

1.  On January 15, 2020, Todd Meagher ("Debtor") filed a voluntary petition initiating case 20-40208-MXM-11.

2.  On February 12, 2020, Debtor filed his Schedules.  [docket no. 23]

3.  On Schedule A/B, Debtor schedules the following in response to question 26:

■ Yes. Give specific information about them…

| | |
|---|---|
| Trademark Serial No. 88443382 ("WHEN IT COMES TO CREDIT WHAT YOU DON'T KNOW CAN HURT YOU") | Unknown |
| Trademark Serial No. 88216119 ("MYSTORE") | Unknown |
| Trademark Serial No. 87032558 ("CHECKINMD") | Unknown |
| Trademark Serial No. 77630846 ("CREDIT411") | Unknown |
| Trademark Serial No. 77630843 ("CREDIT911") | Unknown |
| Trademark Serial No. 77360683 ("ID911") | Unknown |
| Patent 9,442,626 ("Systems, methods and apparatuses for facilitating content consumption and sharing through geographic and incentive-based virtual networks") | Unknown |
| Patent 9,160,782 ("System and method of remotely accessing and publishing online memorial content") | Unknown |
| Patent 8,346,575 ("System and methods of automated patient check-in, scheduling, and prepayment") | Unknown |
| Copyrights (SEE ATTACHED LIST) | Unknown |

[Schedule A/B, docket no. 23]

4. On April 13, 2020, Debtor filed the Sale Motion seeking to sell his IP rights to GHER Solutions, LLC ("GHER"). [Sale Motion, docket no. 43, ¶ 8]

5. GHER was previously owned by Debtor and is currently owned by his son Nickolas Meagher.

6. GHER is also an unsecured creditor and, according to Schedule F, is owed $400,000. [Schedule F, docket no. 23]

7. The Sale Motion provides:

> 10. Shortly after HEB sued the Debtor, GHER provided Debtor with a loan to defray the Debtor's litigation costs. That loan, which remains partially unpaid, shall be forgiven pursuant to the Purchase Agreement, with the remainder of the purchase price to be paid via cash. To protect future marketability of the IP Rights, neither the Debtor nor GHER wish for the purchase price to be made public. However, the Debtor will disclose the purchase price to any interested party requesting it, including the Court, the U.S. Trustee's office, the U.S. Patent & Trademark Office, and any creditor in this Bankruptcy Case.

8. No additional information is provided in the Sale Motion as to the amounts to be received by the estate.

9. No information is provided in the Sale Motion as to how these proceeds would be reflected on monthly operating reports or a plan or disclosure statement.

10. The Sale Motion provides no legal basis for sealing the purchase price.

11. On April 14, 2020, Debtor filed his *Amended Debtor's Motion to Redact and Restrict Public Access to Portions of Exhibits* ("Motion to Redact") [docket no. 45]

12. The Motion to Redact provides:

> 3. Debtor has no objection to all interested parties in this case being able to access the unredacted versions of these documents. Indeed, all interested parties that have already appeared in this case have already received unredacted versions of this document by CM/ECF service and by first class mail. However, the Debtor wants to limit access by the general public so the Debtor and the proposed purchaser, GHER Solutions, LLC, can protect the secondary marketability of the intellectual property assets if and when GHER attempts to sell them.

13. The Motion to Redact provides no additional legal basis for sealing the purchase price.

**Argument**

14. Section 107 is a statute of general application, included in the 100 series of the Bankruptcy Code. Section 107(a), generally contemplates that papers "filed in a *case*" (emphasis added) and dockets "of a bankruptcy court are public records and open to examination."

15. Section 107(b) of Title 11 is an exception to the general provision of public records providing that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may -- (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. §107(b).

16. As a general rule—even outside the bankruptcy context – courts should rarely grant motions to seal. Court proceedings are presumed available to the public, and the evidentiary standard for sealing court documents is higher than for protective orders. *Franklin v. Simon Eddins & Greenstone, L.P.*, 2012 U.S. Dist.LEXIS 82629, at *7-8 (N.D. Tex. 2012). The party seeking to seal the documents has the evidentiary burden of showing a "compelling need" for protection and "extraordinary circumstances." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. *1994); See Food Mgmt. Group, LLC* 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007*)*(sealing official documents should not be done without a compelling reason) (citations omitted) Here, the Sale Motion or Motion to Redact provide no discussion or analysis to support this request, only a reference that the purchaser wants to protect the secondary market. This is especially troubling as the sale is an insider sale and the value of the assets to be sold are described as "unknown" on the schedules. Parties will be unable to evaluate whether the sale is in the best interest of the estate, including potential purchasers who may want to pay more for these assets than the Debtor's son.

17.     "Confidential… commercial information" has been defined as information that would cause "an unfair advantage to competitors by providing them information as to the commercial operation of the debtor." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). The evidentiary test is conjunctive: the information must be both confidential and commercial.

18.     The information must be "reasonably expected to cause the entity commercial injury, which means that "competitors will gain an unfair advantage." *In re Alterra Healthcare Corp,* 353 B.R. 66, 75-76 *(*Bankr. D. Del. 2006)(citations omitted). Concern about "bargaining leverage in future unrelated cases is not 'commercial information'" worthy of protection under section 107. *In re Quigley Co.*, 437 B.R. 102, 154 (Bankr. S.D.N.Y. 2010); *see also In re Brahmacom, Inc.*, 2005 WL 3240584 (Bankr. D. Mass. 2005 (sealing settlement under section 107 but cautioning decision was not an invitation to future requests for sealing all settlements).

19.     In *Wyndham Vacation Resorts, Inc. v. Faucett (In re Faucett)*, 438 B.R. 564 (Bankr. W.D. Tex. 2010), the Court reviewed a request to file exhibits under seal. The Court stated it must ""carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need" to seal the documents at issue. The reason is simple - court records are public records, and sealing abridges the public's right to know." *In re Faucett*, 438 B.R. at 568 (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. N.Y. 1994)). This Court has applied Faucett's standards when considering whether information is "confidential" and "commercial." *In re Meyrowitz*, 2006 Bankr. LEXIS 2931 at *6-7 (Bankr. N.D. Tex. Oct. 26, 2006).

20.     Applying these standards to the Sale Motion, the exhibits and sale price should not be sealed. Although parties who have requested the information or notice in this case have been

provided information on the sales price, this information should be readily available to ensure the integrity of the process. Further, the Sale Motion provide no information as to whether monthly operating reports, plans or disclosure statements will also need to be sealed. This information is important for all parties in interest to evaluate the viability of any plan and should remain public, regardless of whether this court seals or redacts any exhibits.

21. Alternatively, if the Court tailors or grants the Sale Motion, the United States Trustee requests the Court include specific language as follows:

> **ORDERED** that an unredacted copy of the motion and exhibits may be shared with attorneys employed by the United States Trustee who are advised of and therefore subject to this Order;
>
> **ORDERED** that this Order Granting the Sale Motion does not limit the use of the motion, exhibits or the testimony related thereto in connection with any party's obligation to refer criminal or ethical violations

## Conclusion

Wherefore, the United States Trustee respectfully requests that the Court deny the Sale Motion and grant further proper relief.

DATED:   May 5, 2020

Respectfully submitted,
WILLIAM T. NEARY
UNITED STATES TRUSTEE
/s/ *Elizabeth Ziegler Young*
Elizabeth Ziegler Young
Texas Bar No. 24086345 (Also NY)
United States Department of Justice
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX  75242
(214) 767-1247
(214) 767-8971 (fax)
elizabeth.a.young@usdoj.gov

## Certificate of Service

I certify that on May 5, 2020, I served a true copy of this document to the following parties via electronic mail at the following email address and to all parties requesting notice by ECF.

/s/ *Elizabeth Ziegler Young*
Elizabeth Ziegler Young

**Todd Meagher**
2101 Legacy Court
Keller, TX 76248

**Mark A. Castillo**
Curtis Castillo PC
901 Main Street, Suite 6515
Dallas, TX 75202

**Stephanie Diane Curtis**
Curtis Castillo PC
901 Main Street, Suite 6515
Dallas, TX 75202

**Robert Coleman Rowe**
Curtis Castillo, P.C.
901 Main Street, Suite 6515
Dallas, TX 75202

**Lakia S. McCline**
Codilis & Moody, P.C.
400 N. Sam Houston Pkwy. E. Ste. 900-A
Houston, TX 77060

**James Clark Gordon**
Gordon & Sykes, LLP
1320 S. University, Ste. 806
Ft. Worth, TX 76107

**Allison L. Fuller**
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002

**Jason M. Powers**
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002

**Matthew David Struble**
Vinson & Elkins, LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201

**Laurie A. Spindler**
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Frwy Ste 1000
Dallas, TX 75207

**Thompson Coe, Cousins & Irons**
One Riverway, Ste 1400
Houston, TX 77056