## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TODD MEAGHER | § | CHAPTER 11 |
| | § | |
| 2101 LEGACY COURT | § | CASE NO. 20-40208-11 |
| KELLER, TX 76248 | § | |
| | § | |
| DEBTOR. | § | |

## SUPPLEMENTAL DECLARATION OF TODD A. MEAGHER

1. My name is Todd A. Meagher. I am the Debtor in the above-styled and numbered Chapter 11 bankruptcy case. I am over eighteen (18) years of age, and suffer from no legal or mental disabilities, and I am duly qualified and authorized to make this Declaration. I have personal knowledge of the facts stated herein and they are true and correct.

2. I have been an independent software developer and Internet business developer since 1994. I have been engaged in the development, acquisition, and operation of Internet business software and intellectual property rights since 2004. I also regularly buy, market, and sell intellectual properties ("IPs") including trademarks, copyrights, patents, and domain names. While I typically only market one or two properties for sale at any given time, I have been bought or sold numerous IPs in this manner and such transactions form a core part of my business. Specifically, since 2003 I have sold seven (7) IPs and been involved in negotiations for three (3) others excluding this MyStore proposed sale. I tend to focus on only one or two IPs at a time, purchasing or building them up for a few years to make them ready for sale. Because of this limited focus, when I sell an IP asset it is not unusual for it to constitute the bulk of my non-exempt assets at the time.

3. I am the owner of registered federal trademarks Registration Numbers 3776817, 3647253, 3712651 and their associated goodwill, software patents numbers 9,442,626 and 8,346,575, and pending trademark registration applications serial numbers 88216119 and 88843232 and their associated goodwill, and common law word and image trademarks for MyStore.com along with their associated goodwill (collectively, "<u>MyStore</u>").

4. The proposed buyer of MyStore is GHER Solutions, LLC ("<u>GHER</u>"), a Delaware limited liability company that is treated as an S-corporation for tax purposes. I am unequivocally **<u>not</u>** the owner of GHER nor am I a member. I formed the company in part to teach my son Nickolas Meagher, who was 21 at the time, about business and personal responsibility. On May 25, 2011, I transferred sole ownership and management of the business to Nickolas, as reflected in the amended registration filed in Delaware that names Nickolas as the sole member and its manager. Attached hereto and marked as **<u>Exhibit 1</u>** is a copy of the amended registration that I know to be a true and correct duplicate of the original.

5. In my September 30, 2019 Declaration, I did state that I had reacquired the business from my son for a time. However, I was mistaken. Nickolas was launching a new venture in August 2014 and Nick and I briefly discussed my taking over the company while he focused on the new company. Instead, Nickolas decided to add my other son Grant Meagher as an owner of GHER and listed him as a "governing person" of GHER when filing his Texas Application for Registration of a Foreign Limited Liability Company with the Texas Secretary of State. However, Nickolas never amended GHER's Operating Agreement or Certificate of Incorporation with the Delaware Secretary of State and **<u>no other actions</u>** were taken to effectuate this tentative plan. Therefore, no interests in GHER were ever transferred to Grant Meagher; and Nickolas remained GHER's sole owner. While I assisted Nick with the day-to-day operations of the company from time-to-time when requested, Nickolas maintained ownership and control of

the company throughout. During these times, I received compensation as an independent contractor and received 1099-MISC tax forms from the company.

I have never been entitled to, nor have I ever received a distribution from GHER since May 2011 when Nickolas assumed ownership of the company. I have never shared in any gains or losses of the company. I have never paid any taxes or completed any tax returns for the company. I am attaching and marking as **Exhibit 2** a letter from GHER's accountant—who has done GHER's taxes since 2016—wherein the accountant confirms that GHER's tax returns consistently show that Nickolas is the sole owner of GHER. My prior declaration of September 30, 2019 is incorrect and based solely on my mistaken recollection.

6. The proposed purchase price, as stated in the Motion, is $600,000. GHER proposed to pay me $200,000 in cash and then $400,000 in the form of debt forgiveness. I have been forced to spend hundreds of thousands of dollars on attorneys' fees since 2017 defending myself against HEB Grocery Company, LP's ("HEB") still-pending litigation in the District Court for the Southern District of Texas. I took on loans to pay these fees from GHER, which is why it is an unsecured creditor for $400,000 in this bankruptcy case. GHER was willing to loan me this money because of my long business relationship with the company and, most importantly, GHER used MyStore under license from me and did not want that license threatened.

7. The proposed sale of MyStore is based on sound business judgment and provides tangible benefits to the bankruptcy estate. While this bankruptcy case is pending and the current health crisis proceeds unabated, I am making very little money from my work. This sale promises two significant benefits that persuaded me the sale was a sound business decision: (1) it will immediately bring in $200,000 to the bankruptcy estate which, as my operating reports show, is very low on cash; and (2) it will satisfy GHER's unsecured claim, wipe away a large

portion of my unsecured debt, and in turn benefit the other unsecured creditors in this case. The much-needed liquidity being added to the estate makes this reorganization more viable and secure because it will provide me with the means to pay U.S. Trustee and attorneys' fees that are continually accruing.

8. I believe this sale is the best possible deal that could be made for MyStore. Despite the value of the MyStore mark, HEB's relentless prosecution against my past use of it has depressed the sale market; buyers are wary of becoming entangled with an extremely litigious and deep-pocketed corporation. Indeed, I have not received any offers to purchase MyStore (by HEB or any other person) since HEB filed its suit that are anywhere close to the price GHER is proposing to pay. On the open market, I do not believe the mark would attract purchasers who could compete with GHER's offer. The only other potential buyer, Mr. Mike Lindell, has repeatedly stated he will not buy the mark while the HEB litigation is ongoing. HEB, who is trying to block this sale, is the same entity that has placed a stigma on this asset through its prolonged litigation. At this time, I know of no other purchase offers or even interested parties who may be willing to make a competitive offer on MyStore. I would consider selling MyStore to HEB if it could outbid GHER. To date, no such offer has been made.

9. This sale will not interfere with HEB's litigation against me in Houston. In that case, HEB is wrongfully suing me my for trademark infringement pertaining to alleged past use of the MyStore marks on GHER's MyStore.com website.At no point in the Houston litigation has HEB claimed ownership, an interest in, or lien on MyStore. HEB has also not claimed any damages in the Houston litigation nor has it filed a proof of claim in this case. The proposed sale in no way hinders HEB's rights or remedies in that case.

10. Finally, HEB refers to Zurra, Inc. repeatedly in its Objection to my Motion to Sell the MyStore mark. Zurra, Inc. is not a proposed buyer, seller, or financier and it has absolutely

nothing to do with this transaction.

The preceding statement is true, correct, within my personal knowledge, and given on this 12th day of May, 2020, under penalty of perjury under the laws of the United States of America.

*/s/Todd A. Meagher*
Todd A. Meagher

EXHIBIT 1

# STATE OF DELAWARE
# CERTIFICATE OF AMENDMENT

1. Name of Limited Liability Company: GHER SOLUTIONS, LLC

2. The Certificate of Formation of the limited liability company is hereby amended as follows:

> THIRD: The Company will be managed by members, the names and street addresses of those who are to serve until their first meeting of members or until their successors are elected are:
>
> NICK MEAGHER
> 2101 LEGACY COURT KELLER TX 76248

**IN WITNESS WHEREOF**, the undersigned have executed this Certificate on the 25TH day of May, A.D. 2011.

By: _[signature]_
Authorized Person(s)

Name: Todd Meagher
Print or Type

State of Delaware
Secretary of State
Division of Corporations
Delivered 03:53 PM 05/25/2011
FILED 03:55 PM 05/25/2011
SRV 110623550 - 4921322 FILE



EXHIBIT 2

558 Old Norcross Rd Suite 106
Lawrenceville, GA 30046
(404) 600-1040

May 11, 2020

To whom it may concern,

My name is Eric Garcia. I am the accountant for GHER Solutions, LLC. I have access to the company's books and records and have prepared and filed the company's tax returns for the years 2016 – 2019. The company's tax returns for all these years were signed by, and show Nickolas Meagher as the company's sole owner.

I also prepared the personal tax returns for Nickolas Meagher for these years which also show him as the sole owner of GHER Solutions, LLC.

Sincerely,

Eric Garcia, EA
IRS Enrolled Agent
Enrollment #110045